Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| BRENDA TORO MONTES<br><br>Apelante<br><br>v.<br><br>CC1 LIMITED PARTNERSHIP H7N7C COCA COLA PUERTO RICO BOTTLERS<br><br>Apelado | TA2026AP00081 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm.: BY2023CV02479 (403)<br><br>Sobre:<br>Ley 44 de 2 de julio de 1985;<br>Ley 2 de 17 de octubre de 1961;<br>Ley 100 de 30 de junio de 1959;<br>Ley 115 de 21 de diciembre de 1991;<br>SINOT;<br>Ley 80 de 30 de mayo de 1976 |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de marzo de 2026.

Luego de determinar que no tomaría en consideración una oposición a una moción de sentencia sumaria, por haberse presentado cuatro días laborables luego de expirado el primer término concedido para ello, el Tribunal de Primera Instancia ("TPI") desestimó por la vía sumaria una *Querella* sobre despido injustificado y discrimen. Según se explica en detalle a continuación, concluimos que el TPI abusó de su discreción al resolver el caso sin considerar la referida oposición a la moción de sentencia sumaria.

I.

En mayo de 2023, la Sa. Brenda Toro Montes (la "Empleada") presentó la acción de referencia (la "Demanda"), por despido injustificado, discrimen e infracción a la Ley Núm. 139 de 26 de

junio de 1968, según enmendada, mejor conocida como Ley de Beneficios por Incapacidad Temporal (SINOT), en contra de CC1 Limited Partnership H/N/C Coca Cola Puerto Rico Bottlers (el "Patrono"), bajo el proceso sumario que provee la Ley Núm. 2 de 17 de octubre de 1961 (Ley Núm. 2), 32 LPRA sec. 3118 *et seq*.

En síntesis, la Empleada alegó que fue despedida sin justa causa, debido a que no le informaron oportunamente que no se encontraba cubierta por alguna licencia mientras se encontraba ausente desde el mes de noviembre de 2022. Alegó que el Patrono no le informó: 1) sus derechos y obligaciones bajo SINOT, 2) que su solicitud de licencia de SINOT había sido denegada y 3) la fecha en la que debía regresar a su empleo para evitar ser despedida.

El Patrono contestó la Demanda; negó las alegaciones de la Empleada y afirmó que le proveyó a esta, no tan solo las licencias que por ley estaba obligado a proveerle, sino también dos seguros por incapacidad a corto (STD) y largo plazo (LTD). Además, sostuvo que la determinación de notificarle a la Empleada la terminación de la relación de empleo fue una mera formalidad, debido a que la obligación de reinstalación de un patrono termina automáticamente al año de comenzada la condición o enfermedad por la cual el empleado se acogió a SINOT. El Patrono también arguyó que la Empleada no hizo una alegación de discrimen, despido o represalia que justificara la concesión de un remedio.

Al cabo de varios incidentes procesales, el 15 de septiembre de 2025, el Patrono interpuso una *Moción en Solicitud de Sentencia Sumaria* (la "Moción"). El Patrono no acompañó 31 de los 32 exhibits a los que hizo referencia en el escrito, presentándolos al día siguiente, fuera del término concedido a las partes por el TPI para presentar mociones de sentencia sumaria.

El 17 de septiembre, el TPI le ordenó a la Empleada oponerse a la Moción dentro del término de 30 días.

El 17 de octubre, la Empleada solicitó una primera prórroga de 30 días para oponerse a la Moción (*Moción en Solicitud de Extensión de Término de 30 Días para Radicar la Oposición a la Moción de Sentencia Sumaria*); en respuesta, el TPI le concedió a la Empleada hasta el viernes, **14 de noviembre** para oponerse a la Moción.

El lunes, **17 de noviembre**, la Empleada solicitó una segunda prórroga, de 20 días, para contestar la Moción. Explicó que no había podido terminar el escrito en oposición debido a lo extensa de la Moción y a la ausencia de la Empleada, quien se encontraba fuera de nuestra jurisdicción por atender asuntos de salud.

El 18 de noviembre, el TPI dictó dos Órdenes mediante las cuales denegó la referida moción de prórroga, ello porque la misma "fue presentada fuera de término"; por tanto, "d[io] por sometida la solicitud de sentencia sumaria sin oposición" (las "Órdenes").

Ese mismo día (18 de noviembre), la Empleada solicitó autorización para presentar la oposición a la Moción dentro del término de **tres días**. La Empleada planteó, entre otros asuntos, que, por inadvertencia, entendía que el término concedido vencía el lunes 17 (dentro del término solicitado de 30 días), y no el viernes 14. También aludió a que al Patrono se le permitió presentar los anejos a la Moción de forma tardía. Arguyó que la sanción impuesta por el tribunal no era razonable, dentro de las circunstancias.

Dos días luego, el 20 de noviembre, a la vez que el TPI denegó esta solicitud de autorización, la Empleada **sometió su escrito en oposición a la Moción** (*Moción en Solicitud de Reconsideración y Anejando la Oposición a la Moción de Sentencia Sumaria).*

El 1 de diciembre, la Empleada interpuso un recurso de *certiorari* ante esta Curia (TA2025CE00847), mediante el cual solicitó la revisión de la determinación del TPI de denegar la solicitud de autorización para oponerse a la Moción dentro del término de 3

días. Mediante una *Resolución* de 18 de diciembre, otro Panel de este Tribunal denegó expedir el auto de *certiorari*, ello en atención a que "la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento laboral y no son revisables por este Tribunal, salvo contadas excepciones."

Casi dos meses luego de que el TPI determinase que no consideraría la oposición a la Moción sometida por la Empleada (la "Oposición"), el 12 de enero, el TPI notificó una *Sentencia* mediante la cual declaró con lugar la Moción y desestimó la Demanda por la vía sumaria.

En desacuerdo, el 21 de enero, la Empleada presentó la apelación que nos ocupa. Además de cuestionar los méritos de la Sentencia, arguyó que el TPI abusó de su discreción al denegar la segunda prórroga solicitada y, por tanto, al no considerar su Oposición.

Oportunamente, el Patrono presentó su alegato en oposición. En lo pertinente, arguyó que ya este Tribunal había dispuesto sobre la determinación del TPI de considerar la Moción sin el beneficio de la Oposición y que, de todas maneras, la segunda moción de prórroga de la Empleada no se justificaba. Resolvemos.

II.

La sentencia sumaria es un mecanismo procesal que se utiliza para lograr la solución justa, rápida y económica de una controversia donde resulta innecesario celebrar un juicio en su fondo. *Meléndez González v. M. Cuebas, Inc.*, 193 DPR 100, 109 (2015). Este mecanismo procede cuando no existe una controversia real sobre hechos materiales. Un hecho es material cuando puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Si se concluye que "existe una controversia real y sustancial

sobre hechos relevantes y pertinentes", no procede dictar sentencia sumaria. *Íd.*

La Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, indica los requisitos que tanto el proponente de la sentencia sumaria, como al que se opone a la misma, deben satisfacer. La moción de sentencia sumaria debe contener: una exposición breve de las alegaciones de las partes, los asuntos litigiosos en controversia, la causa de acción sobre la cual se solicita la sentencia sumaria, una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia, con indicación de los párrafos o páginas de la prueba documental donde se establecen los mismos, la argumentación del derecho aplicable y el remedio que se solicita. 32 LPRA Ap. V, R. 36.3(a).

De igual forma, la parte que se opone a la sentencia sumaria tiene que cumplir con las exigencias de la Regla 36. En particular, debe enumerar aquellos hechos materiales de buena fe controvertidos y aquellos sobre los cuales no hay controversia. En ambos casos, por cada hecho, se tienen que indicar los párrafos o páginas de la prueba documental que establecen o impugnan ese hecho. 32 LPRA Ap. V, R. 36.3(b).

Así pues, la parte que se opone a que se dicte sentencia sumariamente "no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente". 32 LPRA Ap. V, R. 36.3(c). Los hechos enumerados en la moción de sentencia sumaria que no sean debidamente controvertidos podrán considerarse admitidos. 32 LPRA Ap. V, R. 36.3(d). De igual forma, "[e]l tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados". *Íd.*

### III.

En su misión de hacer justicia, la discreción es el más poderoso instrumento reservado a los jueces. *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se nutre "de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *Pueblo v. Hernández García*, 186 DPR 656, 684 (2012), citando a *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977); *HIETel v. PRTC*, 182 DPR 451, 459 (2011). Asimismo, "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Pueblo v. Hernández García*, *supra*, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

Sobre las guías para determinar cuándo un tribunal abusa de su discreción, en *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009), se estableció lo siguiente:

> …[U]n tribunal de justicia incurre en un abuso de discreción, *inter alia*: cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *García v. Padró*, supra, a la pág. 336; *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

Este Tribunal no interviene con el ejercicio de la discreción del TPI, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

IV.

Como cuestión de umbral, aclaramos que el asunto ante nuestra consideración no ha sido objeto de determinación previa por este Tribunal. En el recurso anterior, presentado por la Empleada, este Tribunal únicamente se abstuvo de intervenir, denegando la expedición del auto solicitado en el ejercicio de su discreción. Por tanto, a través de dicha determinación, este Tribunal de modo alguno pasó juicio sobre los méritos de la determinación del TPI que ahora está en controversia en el contexto del presente recurso de apelación.

Por otra parte, concluimos que el TPI abusó de su discreción al negarse a considerar la Oposición antes de adjudicar la Moción. Aunque la segunda prórroga se solicitó un día luego de expirado el término concedido a raíz de la primera moción de prórroga, por la importancia de contar con la postura de ambas partes antes de resolver una moción de sentencia sumaria, el tribunal debió conceder un último término razonable a la Empleada para oponerse a la Moción, en vez de denegar de plano la prórroga solicitada y así determinar que adjudicaría la Moción sin el beneficio de la posición de la Empleada.

Nuestra conclusión se fortalece al considerarse que: (i) la Empleada consignó razones válidas para el término adicional solicitado, (ii) el tribunal no estaba ante un patrón de incumplimientos reiterados de la Empleada, (iii) la Empleada no había sido objeto de sanciones menos onerosas; y (iv) la Empleada tampoco había sido advertida sobre las consecuencias de no cumplir estrictamente con las órdenes del tribunal.

El error del TPI se acentúa al considerarse que, a los tres días de solicitada la segunda prórroga, ya la Empleada había presentado la Oposición. Por lo cual, no había realmente razón para que el TPI, durante el período de casi dos meses antes de que se notificara la

Sentencia, se negase a considerar la Oposición, asegurándole así a la Empleada una razonable oportunidad de ser oída.[1]

Así pues, procede dejar sin efecto la Sentencia y que el TPI adjudique nuevamente la Moción, ahora con el beneficio de haber considerado la Oposición.

V.

Por los fundamentos que anteceden, se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia para trámites ulteriores compatibles con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Todo procedimiento adversativo debe cumplir con unos requisitos básicos para satisfacer las exigencias del debido proceso, a saber: (1) una notificación adecuada; (2) que el proceso se celebre ante un juez imparcial; (3) **la oportunidad de ser oído y defenderse**; (4) el derecho a contrainterrogar a los testigos y a examinar evidencia presentada en su contra; (5) contar con la asistencia de un abogado; y (6) que la decisión se base en el récord. Véase, *Vázquez González v. Mun. San Juan*, 178 DPR 636, 643 (2010); *Hernández v. Secretario*, 164 DPR 390, 395-396 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 889 (1993). (Énfasis nuestro).